**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JEROME X. WALLACE      :

  Plaintiff         :

  v           :     Civil Action No. WMN-06-184

WARDEN         :

  Defendant       :
             o0o

## MEMORANDUM

Pursuant to this Court's Order of February 14, 2006, a response to Plaintiff's request for injunctive relief has been filed.  Paper No. 7.  In addition, Plaintiff has filed an amended complaint, naming Warden William Williams as Defendant in this case.[1]  Papers No. 3, 10, and 11.  Plaintiff has also filed a reply to Defendant's response to the show cause order.  Paper No. 8. For the reasons that follow, the request for injunctive relief shall be denied.

Plaintiff, a member of the Nation of Islam, filed this complaint seeking an Order from this Court requiring officials at the Maryland House of Correction (MHC) to permit him to receive bean pies and carrot cakes that were ordered from the Nation of Islam bakery for purposes of celebrating Ramadan.  Paper No. 1.  Plaintiff asserts that the long-established practice of allowing the Nation of Islam to order the bean pies and carrot cakes was abruptly ended by officials without explanation.  He claims that the actions taken represent discrimination against the Nation of Islam.

In his response, Defendant explains that a policy decision was made by the Division of Correction to stop permitting outside vendors from bringing food into the prisons in order to

---

[1] The Clerk will be directed to amend the docket in this case to reflect William Williams as the defendant in this case.

avoid security problems by preventing possibilities of introducing contraband or food

contaminants into the facilities.  Paper No. 7 at Ex. 1 and 2.  Defendant also asserts that ending

the practice of allowing outside vendors from bringing in food simplified the receipt of religious

food by eliminating the need to collect, account for, and disburse money to the vendor; and the

coordinate the arrival and distribution of the outside food.  *Id.* at Ex. 2.  As an alternative to the

bean pies sold by the Nation of Islam bakery, the pies were made by the dietary department at

MHC.  *Id.*  In addition, Defendant asserts that religious food items were provided to religious

groups that requested them.  *Id.*

In reply, Plaintiff claims that the security concerns asserted by Defendant are

manufactured and do not provide a justification for prohibiting the Nation of Islam items into the

prison.  He asserts that prison staff were not required to do any extra work when the items were

sent into the institution in the past.  He further claims that prohibiting items from the Nation of

Islam, as opposed to other manufacturers of baked goods, does nothing to insure that contraband

will not be smuggled into the prison.

The legal standard to apply in considering an application for injunctive relief is set forth

in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which

holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood

movant will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that

defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that

he will succeed on the merits; and (iv) that the public interest will be served if the injunction is

granted.  *See Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312,

322-23 (4th Cir. 2000).

The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff."  Indeed, the failure to make a clear showing of irreparable harm is by itself a ground upon which to deny a preliminary injunction.  *Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.)    In addition, the required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).   To the extent that banning the purchase of baked goods from an outside vendor is not a prohibition against observing a religious occasion, the harm caused by the ban is not irreparable.  In addition, the asserted availability of reasonable alternatives for purposes of the Ramadan feast make the potential for harm more remote.  Accordingly, Plaintiff's Motion for Restraining Order shall be denied by separate Order which follows.

/s/

May 1, 2006
Date

_____
William M. Nickerson
Senior United States District Judge

3