IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME X. WALLACE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-06-184 |
| WILLIAM WILLIAMS, *et al.* | : | |
| Defendants | : | |

o0o

## MEMORANDUM

The above-captioned civil rights complaint, alleging religious discrimination by prison officials, was filed January 23, 2006. Currently pending in the case is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 24. Plaintiff has filed an opposition to the Motion and another Motion for Temporary Restraining Order. Papers No. 32, 33 and 36. Upon review of the papers filed, the court finds a hearing in this matter to be unnecessary. *See* Local Rule 105.6. For the reasons that follow, Defendants' Motion to Dismiss or for Summary Judgment, construed as a Motion to Dismiss, shall be granted.

Background

Plaintiff, a prisoner at the Maryland House of Correction and a member of the Nation of Islam, alleges that a Division of Correction policy disallowing food from outside vendors discriminates against inmates who wish to order food items from a Nation of Islam bakery for purposes of celebrating religious holidays. Paper No. 1. He asserts that all other religious groups are permitted to receive food from outside vendors; the policy in the past has been to allow him to order food from a Nation of Islam bakery; and other outside food vendors are permitted to bring food into the institution. *Id*. As proof for his claim, Plaintiff submits empty food boxes that contained Kosher food for Passover. Papers No. 11 and 32. In addition, Plaintiff submits a

sworn statement from another inmate who asserts the he witnessed correctional staff providing Kosher food items to Jewish inmates during the Passover holiday in 2006.  Paper No. 32.  He claims the asserted reason for denying the Nation of Islam from ordering the pastries is a farce because it does not require additional staff to collect funds or order the items, and there is no greater risk of food contaminants being introduced into the institution by the Nation of Islam bakery than from other vendors.  Papers No. 32 and 33.  Plaintiff alleges that in the past he was in charge of ordering bean pies and carrot cakes from the vendor as well as distributing the items to the inmates who ordered them. *Id*.  He asserts that the only staff involvement in the process are the officers who are stationed at the sally-port where the vendor's truck enters the institutional grounds.  Paper No. 32. He alleges those officers would be required to be there whether items were ordered from the Nation of Islam bakery or not.  *Id*.

      Defendants assert that a policy change was implemented in 2005, disallowing food from outside vendors. Paper No. 7 at Ex. 1.  They claim the policy is applied to all inmates equally and its purpose is to lessen the possibility that contraband or outside contaminants are introduced into the prison.  *Id.*   In addition, Defendants submit evidence that a meeting was called with all of the Islamic communities prior to Ramadan and the policy change was explained.  *Id.*  Despite being provided that information and providing Islamic inmates an alternative means to obtain the foods needed for religious celebrations, they claim that Plaintiff ordered food on behalf of the Nation of Islam from an outside vendor.  *Id.*  When the food arrived it was not accepted for delivery.  *Id.*  Plaintiff denies being in attendance at the meeting.  Paper No. 32.

Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner to exhaust administrative remedies before filing suit in federal court. 42 U.S.C.  1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under  1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted

the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The exhaustion requirement was explained by the Supreme Court as follows,

> The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. See *Booth v. Churner*, 532 U.S. 731, 739 (2001). All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' *See ibid.*; *see also id.*, at 740, n. 5. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *See id.*, at 741. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all 'action [s] ... brought with respect to prison conditions,' whether under § 1983 or 'any other Federal law.'

*Porter* 534 U.S. at 524.

Analysis

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005). Defendants in the instant case have properly raised the exhaustion issue and plaintiff has responded accordingly. Defendants contend that Plaintiff has not filed a complaint in the form of an administrative remedy procedure (ARP) form, but concede that Plaintiff wrote a letter to the warden concerning his allegations and was provided a response to his claim. Papers No. 24 and 27. Plaintiff states that the letter he sent to the warden was accepted as a complaint and, when he received an adverse response from the warden, he contacted the Commissioner of Correction who accepted his letter as an appeal. Paper No. 32. Defendants also concede that Plaintiff filed a complaint with the Inmate Grievance Office concerning the allegations raised in this case. Paper No. 24. At the time Defendants filed their Motion for Summary Judgment, the case was still pending before the IGO and they assert that because there has been no hearing held

on the merits of the complaint, administrative remedies have not been exhausted and this lawsuit is subject to dismissal.  *Id*.  The IGO complaint has been pending for more than six months and there is no information in the record of this case indicating when a hearing on the merits of the complaint will be held.  The available administrative remedies, however, need not be speedy, efficient or even effective; they simply must be exhausted.  The pending status of Plaintiff's IGO complaint clearly indicates that the available remedies have not been exhausted in this case.  Accordingly, the complaint must be dismissed without prejudice for failure to exhaust available administrative remedies.

      A separate order follows.

/s/

September 29, 2006  
Date

William M. Nickerson  
Senior United States District Judge